Dear Mr. Canova:
You have requested an opinion from this office as to whether the Judicial Administrator of the City Court of Plaquemine, who is also appointed Deputy Marshal by the Plaquemine City Marshal, is entitled to receive Louisiana State Supplemental pay from the Municipal Police Officers Fund.
I understand that you have conferred with the Plaquemine City Judge Robert L. Freeman, who advised that his Judicial Administrator has been appointed Deputy City Marshal, and is a full-time deputy marshal, who has had conferred upon him the powers associated with the position of Deputy City Marshal. I further understand that the Judicial Administrator of the Plaquemine City Court, as well as all other employees of the Plaquemine City Court, is paid by the City of Plaquemine. You further advise that the Judicial Administrator has received his commission from the State of Louisiana recognizing his appointment as a Deputy Marshal.
According to a resolution passed by the Mayor and City Council on July 23, 1985, the Mayor and Council prohibited the Judicial Administrator from carrying a weapon and from effecting arrests. (Resolution dated July 23, 1985). However, you have also indicated that the Judicial Administrators have assisted the City Prosecutor's office in the prosecution of persons accused of violating Municipal ordinances, one example of which is that they have provided additional information regarding defendants appearing in City Court to answer charges of violating a municipal ordinance. I also understand that the duties of the Judicial Administrator, as a Deputy Marshal, include assisting the City Marshal in executing criminal and civil subpoenas and serving civil petitions and other civil processes.
All three Judicial Administrators have been duly appointed by the City Marshal, approved by the City Judge and accordingly they have received their State Commission. In the past, all three Judicial Administrators have received State Supplemental pay for municipal law enforcement officers.
LSA-R.S. 13:1882 provides that the city marshal and deputy marshal have the following powers:
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may, with the approval of the judge, appoint one or more deputy marshals having the same powers and authority as the marshal but the marshal shall be responsible for their actions."
The purpose of State Supplemental Pay for Municipal Peace Officers is to "promote the public peace and safety, by providing better enforcement of law, and particularly the enforcement of state laws by municipal police officers and full-time commissioned deputy sheriffs." LSA-R.S. 33:2218.1
Section C of LSA-R.S. 33:2218.2 provides, in pertinent part, that to be entitled to the Supplemental pay the municipal police officer must be:
 (1) Any person employed on a full-time basis by a municipality and all of whose compensation out of public funds is paid solely from municipal funds for full-time work as a duly commissioned law enforcement officer for the performance of primary duties which encompass the enforcement of state laws and municipal ordinances, including actual enforcement of state and local traffic laws, the making of physical arrests, testifying in court, bearing arms and other like functions.
 (4) Any person employed on a full-time basis by a municipality and all of whose compensation out of public funds is paid solely from municipal bonds for full-time work as a desk sergeant or identification technician; provided, however, that the persons referred to in this Paragraph are duly commissioned police officers; . . .
Section D of LSA-R.S. 33:2218.2, in pertinent part states that the following persons are not entitled to the Supplemental pay:
 (1) Personnel employed primarily to perform purely clerical or nonenforcement duties, including but not necessarily restricted to the following types of duties of persons: typographical, office machine operators; switchboard operators, filing clerks, stenoclerks; stenographer; dog pound keepers; school crossing guards; and secretaries except those classified under the municipal fire and police civil service law and those classified as secretary to the chief of police in a classified municipal police employees civil service system or a classified municipal employees civil service system created by Legislative Act."
The law with regard to persons entitled to supplemental pay as law enforcement officers should be liberally construed, and the term "law enforcement" implies more than simply arresting suspects, and should be construed to include those engaged in the prevention of crimes and the investigation thereof. Op. Atty. Gen. dated July 8, 1959 (1958-1960, page 275). A City Marshal who must be available full-time to his duties as City Marshal, can qualify for Supplemental Pay. Op. Atty. Gen. dated August 9, 1956 (1956-1958, page 473).
Under the facts related by you, and the above cited law, it is the opinion of this office that the Judicial Administrator, duly appointed and commissioned as a Deputy Marshal of the Plaquemine City Court, is entitled to State Supplemental pay for municipal officers.
Trusting this to be sufficient for your purposes, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General